UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CONNSERO,<br><br>        Plaintiff,<br><br>    v.<br><br>S. WRIGHT, et al.,<br><br>        Defendants. | CASE NO. 1:09-cv-02113 GSA PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAM UPON WHICH RELIEF COULD BE GRANTED |

**I.  Screening Requirement**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(1).  Plaintiff filed this action on November 20, 2009.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

///

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.   Plaintiff's Claim**

Plaintiff, currently housed at High Desert State Prison, brings this action against defendant correctional officials employed by the California Department of Corrections and Rehabilitation (CDCR) at California Correctional Institution Tehachapi. (CCI). The event that gives rise to this lawsuit occurred while Plaintiff was housed at CCI.

Plaintiff's sole claim is that he was deprived of his personal property. Specifically, Plaintiff alleges that "CCI property officers" illegally disposed of Plaintiff's property without his consent. Plaintiff alleges that officials at CCI violated CDCR policy when they disposed of Plaintiff's property before Plaintiff had the opportunity to ship the property home. Plaintiff alleges that he had the necessary funds to ship the property home, but defendants did not allow him to do so.[1] (Compl. 4:17.)

**A.   Deprivation of Property**

Where a prisoner challenges the deprivation of a property interest, caused by the unauthorized negligent or intentional action of a prison official, the prisoner cannot state a

---

[1] Inmate personal property that is not permitted may be mailed to or shipped home at the inmate's expense, provided that the inmate has sufficient trust account funds. Cal. Code Regs. tit. 15, § 3191(c)(1) & (2). If the inmate does not choose to ship contraband property or lacks the funds to do so, he may donate the property to a charitable organization or the institution, or render the item useless and dispose of it. Cal. Code Regs. tit. 15, § 3191(c)(3), (4) & (5).

1  constitutional claim where the state provides an adequate post-deprivation remedy. See Zinermon
2  v. Burch, 494 U.S. 113, 129-30 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v.
3  Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam); Raditch v. United States, 929 F.2d 478, 481
4  (9th Cir. 1991); Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir. 1989).  Thus, where the state provides
5  a meaningful post-deprivation remedy, only authorized, intentional deprivations constitute actionable
6  violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to
7  established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th
8  Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).  Here, the
9  facts alleged clearly indicate that the deprivation was unauthorized.  Plaintiff alleges that he had the
10 funds to ship the property home, but defendants, in violation of applicable regulations, disposed of
11 the property before Plaintiff could ship it home.  The Court therefore construes this action as one for
12 an unauthorized, intentional deprivation of property.   California law provides an adequate post-
13 deprivation remedy for any property deprivations.  Barnett v, 31 F.3d at 816-817.  Plaintiff cannot,
14 therefore, state a constitutional claim.

**III.    Conclusion and Order**

Because Plaintiff has not alleged facts sufficient to state a claim for relief, the complaint must be dismissed.  The Court finds that Plaintiff cannot cure the deficiency in the complaint by amendment.  Plaintiff has clearly alleged a deprivation of property that was unauthorized.  The law on this matter is clear.  Because California law provides an adequate post-deprivation remedy, Plaintiff cannot state a claim.  There are no facts that Plaintiff could allege that would cure this defect. The complaint should therefore be dismissed, without leave to amend, pursuant to 28 U.S.C. § 1915A(b)(1).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief could be granted.  The Clerk's Office is directed to close this case.

1  IT IS SO ORDERED.

2  **Dated:**     **October 21, 2010**                          **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE